WO                IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF ALASKA

TONI C. BLUEL,                          )
                                        )
                            Plaintiff,  )
                                        )
    vs.                                 )
                                        )
BERT L. COTTLE, in his official capacity, )
as City of Wasilla Mayor; et al.,       )
                                        )       No. 3:17-cv-0116-HRH
                           Defendants.  )
_____)

# O R D E R

## Motion for Partial Summary Judgment

Defendants move for partial summary judgment.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

## Facts

Plaintiff is Toni C. Bluel. Defendants are Bert L. Cottle, in his official and individual capacity as the City of Wasilla Mayor; Archie Giddings, in his official and individual capacity as the Public Works Director for the City of Wasilla; and the City of Wasilla.[3]

---

[1]Docket No. 26.

[2]Docket No. 30.

[3]Although in the caption of her complaint, plaintiff indicates that she is only suing Cottle and Giddings in their official capacities, in other places in her complaint she indicates that she
(continued...)

-1-

Plaintiff began working for the City of Wasilla in 2008 as an Accounting Clerk II. In June 2012, plaintiff filed a grievance, in which she alleged that one of her co-workers "used racially and sexually hostile comments in the work place."[4] Plaintiff's grievance was investigated and her co-worker was counseled about using inappropriate language and "strongly warned that this type of behavior could not continue."[5]

Plaintiff appealed her grievance to the Mayor.[6] Human Resources investigated plaintiff's grievance by interviewing the people plaintiff had identified as having observed or having knowledge of the alleged inappropriate behavior.[7] On August 10, 2012, Human Resources advised the Mayor that none of the eight witnesses interviewed corroborated plaintiff's allegations and thus "there [was] no evidence to substantiate [plaintiff's] claims of unlawful harassment."[8]

---

[3](...continued)
is suing them in their individual capacities as well. Complaint for Damages at 6, ¶¶ 3.6-3.7; 8, ¶¶ 1-2, Docket No. 1.

[4]Id. at 2, ¶ 2.2.

[5]June 22, 2012 Memo from Archie Giddings to Toni Bluel, Exhibit 1 at 1-2, Memorandum in Support of Motion for Partial Summary Judgment [etc.], Docket No. 27.

[6]Exhibit 2, Memorandum in Support of Motion for Partial Summary Judgment [etc.], Docket No. 27.

[7]Exhibit 3 at 1, Memorandum in Support of Motion for Partial Summary Judgment [etc.], Docket No. 27.

[8]Id.

On August 31, 2012, plaintiff filed a charge of discrimination with the EEOC, in which she alleged sexual harassment and retaliation.[9] On November 30, 2012, the EEOC issued a right to sue letter.[10] Plaintiff did not file suit after receiving her right to sue letter "because she hoped that the harassment would eventually subside."[11]

Plaintiff alleges, however, that the "harassment did not subside," and so, on May 6, 2014, plaintiff filed a complaint of discrimination with the Alaska State Commission of Human Rights (ASCHR).[12] Plaintiff requested that her complaint also be filed with the EEOC.[13]

In her ASCHR complaint, plaintiff alleged that she had been retaliated against after she filed her 2012 grievance.[14] Plaintiff alleged that the City of Wasilla had

> discriminated against her by treating her as disabled, and retaliated against her for engaging in protected activity. [Plaintiff] alleged that in 2012, she filed a grievance accusing respondent's deputy director of subjecting her to sexual advances and offensive comments. [Plaintiff] alleged that since then, respondent has shunned her, treated her in a rude and hostile manner, refused to

---

[9]Exhibit 4, Memorandum in Support of Motion for Partial Summary Judgment [etc.], Docket No. 27.

[10]Exhibit 5, Memorandum in Support of Motion for Partial Summary Judgment [etc.], Docket No. 27.

[11]Complaint for Damages at 3, ¶ 2.5, Docket No. 1.

[12]Exhibit 6, Memorandum in Support of Motion for Partial Summary Judgment [etc.], Docket No. 27. In her complaint, plaintiff mistakenly alleges that the ASCHR complaint was filed in May of 2012. Complaint for Damages at 3, ¶ 2.6, Docket No. 1.

[13]Exhibit 6 at 1, Memorandum in Support of Motion for Partial Summary Judgment [etc.], Docket No. 27.

[14]Id. at 1.

> answer her work-related questions, disparaged her to her coworkers, and implied that she is mentally unstable and suggested that she seek professional counseling.[15]

On September 18, 2014, ASCHR issued a determination, concluding that its "[i]nvestigation did not show that respondent discriminated against [plaintiff] by treating her as disabled, or retaliated against her for engaging in protected activity."[16] On September 17, 2014, ASCHR closed plaintiff's complaint because the "[i]nvestigation did not find substantial evidence to support the allegations in the complaint."[17]

On February 23, 2015, the EEOC adopted ASCHR's findings and closed plaintiff's 2014 EEOC complaint.[18] The February 23, 2015 EEOC letter was also plaintiff's right to sue letter.[19]

On May 22, 2015, plaintiff filed a pro se complaint in this court, alleging Title VII claims of sexual harassment and retaliation.[20] Plaintiff's pro se complaint was dismissed on July 21, 2015 after plaintiff failed to pay the filing fee.[21]

---

[15] Determination, Exhibit 7 at 1, Memorandum in Support of Motion for Partial Summary Judgment [etc.], Docket No. 27.

[16] Id. at 2.

[17] Exhibit 8 at 1, Memorandum in Support of Motion for Partial Summary Judgment [etc.], Docket No. 27.

[18] Dismissal and Notice of Rights, Exhibit 9 at 1, Memorandum in Support of Motion for Partial Summary Judgment [etc.], Docket No. 27.

[19] Id.

[20] Docket No. 1 in Case No. 3:15-cv-0082-RRB.

[21] Docket No. 6 in Case No. 3:15-cv-0082-RRB.

"[I]n December 2015," plaintiff "again complained to her supervisors at [the] City of Wasilla concerning unequal treatment."[22] Plaintiff alleges that "[s]pecifically, [she] complained about the conduct of her supervisor Archie Giddings, who she believed was retaliating against her and failing to do his job[.]"[23] Plaintiff further alleges that "[i]n January of 2016, Mr. Giddings retaliate[d] against [her] use of Free Speech, labeling [her] as mentally unstable" and demanding that she "use [the] City of Wasilla's Employee Assistance Program (EAP) to seek counseling with a third party mental health counseling agency."[24] Plaintiff alleges that "[o]n multiple occasions during January 2016, Mr. Giddings demanded ... that [she] seek psychological counseling, and when she refused he used progressive [discipline] to force her to comply with his demand."[25]

Plaintiff alleges that on January 28, 2016, Giddings suspended her without pay.[26] Plaintiff further alleges that "[a]fter appealing her suspension without pay to Mayor Bert Cottle, her pay was eventually returned and her suspension reversed."[27] But, she alleges that "Cottle

---

[22]Complaint for Damages at 3, ¶ 2.8, Docket No. 1.

[23]Id.

[24]Id. at 4, ¶ 2.9.

[25]Id. at 4, ¶ 2.10.

[26]Id. at 4, ¶ 2.11.

[27]Id. at 4, ¶ 2.12.

made no effort to remove the progressive disciplinary documentation that had been placed in [her] personnel file...."[28]

Plaintiff alleges that

> [b]etween February 2016 through June 2016, [she] engaged in a series of internal appeals and discussions with the City of Wasilla, Human Resources, and Mayor Cottle, attempting to correct the hostile work environment created by Archie Giddings, and attempting to correct the harm to her reputation caused by his efforts to label her as mentally unstable.[[29]]

On June 10, 2016, still proceeding pro se, plaintiff filed a motion for reconsideration in Case No. 3:15-cv-0082-RRB, to which she attached a proposed amended complaint.[30] The proposed amended complaint asserted Title VII claims of sexual harassment and retaliation. Plaintiff's motion for reconsideration was denied but she was told she could "re-file her Complaint as a new matter...."[31]

Plaintiff alleges that on June 14, 2016, Cottle told her that she could no "longer request corrections to her personnel file, and that he would not engage in any future meetings with her concerning the hostile work environment that she had been experiencing."[32]

---

[28]Id.

[29]Id. at 4, ¶ 2.13.

[30]Docket No. 7 in Case No. 3:15-cv-0082-RRB.

[31]Order re Motion for Reconsideration at 1-2, Docket No. 8 in Case No. 3:15-cv-0082-RRB. Plaintiff never re-filed her proposed amended complaint as a new matter.

[32]Complaint for Damages, at 5, ¶ 2.14, Docket No. 1.

Plaintiff tendered her resignation on June 15, 2016, allegedly because "the hostile environment that she had been experiencing had become too severe for her to endure[.]"[33]

On May 19, 2017, plaintiff, who is now represented by counsel, commenced this action in which she asserts § 1983 claims.

Defendants now move for summary judgment on plaintiff's § 1983 sexual harassment and retaliation claims arising from the events that allegedly occurred in 2012 because these claims are barred by the statute of limitations. Defendants request that the 2012 claims be dismissed, that plaintiff be ordered to file an amended complaint removing these claims, and that they be awarded their costs and fees related to the defense of these claims.

## Discussion

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

The statute of limitations for plaintiff's § 1983 claims is two years. DeNardo v. Murphy, 781 F.2d 1345, 1347 (9th Cir. 1986). A cause of action under § 1983 accrues "when the plaintiff[] know[s] or ha[s] reason to know of the injury that is the basis of [her] action." RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1058 (9th Cir. 2002).

Defendants read plaintiff's complaint as asserting § 1983 claims based on the events recounted in paragraphs 2.2 through 2.7 of her complaint. In these paragraphs, plaintiff describes the alleged harassment by her co-worker in 2012, the grievance she filed in 2012, the

---

[33]Id. at 5, ¶ 2.15.

retaliation she suffered after she filed the grievance, and the ASCHR and EEOC complaints she filed in 2012 and 2014. Defendants argue that claims based on the 2012 events would have accrued no later than May 21, 2012, and thus plaintiff would have had until May 21, 2014 to file § 1983 claims based on these events. Defendants further argue that even if plaintiff's claims based on the 2012 events were tolled pending the outcome of plaintiff's administrative complaints, they would still be untimely. Defendants contend that liberally applying any possible tolling rules, the two-year statute of limitations would have run on September 10, 2016, which is still before plaintiff filed the instant complaint. Defendants also point out that the February 23, 2015 EEOC right to sue letter gave plaintiff 90 days in which to file suit, and that plaintiff's instant complaint was filed long after the 90 days had passed. Thus, defendants insist that plaintiff's § 1983 claims for sexual harassment and retaliation based solely on the 2012 events are time barred.

Plaintiff contends that defendants have misread her complaint. Plaintiff argues that her § 1983 claims are based on the events involving Cottle and Giddings that occurred between December 2015 and June 15, 2016 and which are set out in paragraphs 2.8 through 2.15 of her complaint. She contends that she included the allegations in paragraphs 2.2 through 2.7 of her complaint because they describe the protected speech in which she engaged and for which she was retaliated against in 2015 and 2016.

The 2014 filing of the ASCHR and EEOC complaints may be the predicate acts for plaintiff's § 1983 claims that are based on the events that occurred in 2015 and 2016. But any

§ 1983 claims for sexual harassment and retaliation that are based solely on the events that occurred in 2012 are time barred.

Plaintiff suggests that the continuing violation doctrine might be applicable here because she has alleged "a hostile environment related to violations of her First and Fourteenth Amendments" rights.[34] Plaintiff has alleged that Giddings created a hostile work environment because he continually retaliated against her after she reported her co-worker's inappropriate behavior in 2012.[35] "The continuing violation theory applies to § 1983 actions, allowing a plaintiff to seek relief for events outside of the limitations period." Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001) (internal citation omitted).

However, plaintiff's allegations are insufficient to support a § 1983 hostile work environment claim. "Discriminatory harassment in the form of a hostile work environment may be actionable through a 42 U.S.C. § 1983 claim based on a violation of the Fourteenth Amendment's equal protection clause." Cooper v. Cate, Case No. 1:10–cv–899 AWI DLB, 2011 WL 5554321, at *6 (E.D. Cal. Nov. 5, 2011). "To prevail on an Equal Protection claim brought under § 1983," plaintiff must show that Giddings "'acted with an intent or purpose to discriminate against [her] based upon membership in a protected class.'" Hartmann v. California Dep't of Corrections and Rehabilitation, 707 F.3d 1114, 1123 (C.A.9 (Cal.),2013) (quoting Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005)). In response to

---

[34]Plaintiff's Opposition to Defendant's Motion to Dismiss Untimely Claim at 4, Docket No. 30.

[35]Complaint for Damages at 3, ¶ 2.8; 5, ¶ 3.2; 6, ¶ 3.6; Docket No. 1.

the instant motion for summary judgment, plaintiff does argue that Giddings retaliated against her because of her membership in a protected class such as race, gender, or religion. Rather, she argues that he retaliated against her for exercising her free speech rights. Thus, the continuing violation theory has no application here because plaintiff has not asserted a § 1983 hostile work environment claim.

## Conclusion

Defendants' motion for partial summary judgment is granted. To the extent that plaintiff has pled § 1983 sexual harassment and retaliation claims based solely on the events that occurred in 2012, those claims are dismissed with prejudice.

Defendants' request to require plaintiff to file an amended complaint is denied.

Defendants' request for an award of attorney's fees is also denied. The matter of attorney's fees will be addressed when this case is resolved in its entirety.

DATED at Anchorage, Alaska, this 26th day of March, 2018.

/s/ H. Russel Holland
United States District Judge